The defendant was indicted for selling liquor in violation of Laws 1874-75, ch. 126, sec. 1: "That it shall be unlawful for any person or persons to sell or in any manner give away any intoxicating liquors, or either directly or indirectly receive any compensation for the same, within 3 miles of the located line of the Asheville and Spartanburg Railroad during the construction of the said road," and sec. 2: "Any person violating the provisions of this act shall be guilty of a misdemeanor, and on conviction before any justice of the peace shall be punished by a fine not less than $10 nor more than $50, or by imprisonment of not less than ten days."
It was found by a special verdict that the defendant sold liquor in Asheville; that the line of said railroad was located 2 miles south of Asheville, and that the road had never been in process of construction within 7 miles of the place of selling the liquor. Thereupon the court held that the defendant was guilty. Judgment. Appeal by defendant.
This case turns on Laws 1874-75, ch. 126, making it unlawful for any person to sell any intoxicating liquors "within 3 miles of the located line of the Asheville and Spartanburg Railroad during the construction of the said road."
The defendant sold liquor within 3 miles of the "located line," but not within 3 miles of any part of it undergoing construction, which seems to be the proper interpretation, especially as this view remedies the evil probably aimed at.
If the Legislature intended to give exclusive jurisdiction of this offense to a justice of the peace, they failed to do so, by not complying with Art. IV, sec. 33 (now sec. 27) of the Constitution.
PER CURIAM. Reversed.
Cited: S. v. Eaves, 106 N.C. 756.
(528)